UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FOUR D INCORPORATED,

Plaintiff,

v.

DUTCHLAND PLASTICS CORPORATION,

Defendant.

CIVIL NO. 01-2073 (RHK/JMM)

REPORT AND RECOMMENDATION

The above matter came on for hearing before the undersigned on January 4, 2002 upon Plaintiff's Motion for Replevin [Docket No. 4]. Eric John Nystrom, Esq. appeared on behalf of Plaintiff; David A. Orenstein, Esq. appeared on behalf of Defendant. The matter is before the undersigned for a Report and Recommendation to the District Court pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that Plaintiff's Motion for Replevin [Docket No. 4] be granted.

## FINDINGS OF FACT/REPORT

This is primarily an action for breach of warranty, related to the manufacture of plastic infant and child carriers. Defendant uses molds provided by Plaintiff to produce plastic carriers for sale by Plaintiff. Count VI of the Complaint alleges a claim for Claim and Delivery under Minnesota Statutes Chapter 565, also known as an action for replevin. Plaintiff is before the Court seeking a pre-judgment Order in the claim and delivery action requiring Defendant to return certain molds in its possession to Plaintiff.

FILED FEB 01 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

"Under the federal rules, all remedies providing for seizure of property for the purpose of securing satisfaction of a judgment ultimately entered in an action are available under the circumstances and in the manner provided by the law of the state in which the district court is held." Testerion, Inc. v. Skoog, 602 F. Supp. 578, 581 (D. Minn. 1984)(citing Fed. R. Civ. P. 64). The law of Minnesota provides that "[a] claimant seeking to recover possession of property after service of a summons and complaint but prior to a final judgment shall proceed by motion." Minn. Stat. § 565.23 subd. 1. Section 565.23 subds. 1 and 2 set forth detailed procedural requirements for bringing a such motion to recover property in Minnesota. There is no allegation that Plaintiff failed to properly follow these procedures.

Section 565.23 subd. 3 sets forth the substantive standards for deciding a Motion to recover property.

> After a hearing, the court shall order seizure of the property from respondent and delivery to claimant if claimant has demonstrated the probability of success on the merits entitling claimant to possession of the property and upon compliance with the bonding requirements set forth in section 565.25, subdivision 1, unless the court makes the following findings:
>
> (a) Respondent has shown a defense to the merits of claimant's claim, the defense is a fair basis for litigation and the defense would, if established at hearing on the merits, entitle respondent to retain possession of the property;
>
> (b) The interests of respondent cannot be adequately protected by the bond filed by claimant pursuant to section 565.25, subdivision 1 if the property is delivered to the claimant prior to final decision on the merits; and
>
> (c) The harm suffered by the respondent would be substantially greater than the harm which would be suffered by the claimant if the property were not delivered to the claimant prior to final decision on the merits.

Minn. Stat. § 565.23, subd. 3. Pursuant to this statute, we must first determine whether Plaintiff has demonstrated the probability of success on the merits. If it has, we must grant Plaintiff's Motion unless we determine that all of the factors in 3(a)-3(c) are present.

## Discussion

There are few recorded cases discussing the application of Minnesota's replevin statute. One important point regarding the use of the prejudgment mechanism provided for in the statute is that, whatever the Court decides with respect to the instant Motion, the underlying action for claim and delivery asserted by Plaintiff must still be decided on the merits. See Norman v. Demars, 1996 WL 278229 at *2 (Minn. Ct. App. May 28, 1996). Whichever party has possession of the molds following resolution of this Motion, that possession will be conditional, pending a final decision on the merits of Plaintiff's claim. Id.

It appears that a claimant can demonstrate a probability of success on the merits if it establishes that it holds title to the property in question. See Testerion, 602 F. Supp. 578 (finding claimant did not meet requirements under the statute because the issue over which party had title to the property was "highly disputed"). The parties in this case agree that Plaintiff holds title to the molds in question. This fact establishes Plaintiff's ownership, and satisfies Plaintiff's burden under the first part of the statute.

We turn next to the question of whether, despite Plaintiff's ownership, Defendant has a defense that could entitle it to retain possession of the molds. Defendant argues that it has a defense to the action for claim and delivery asserted in the Complaint because Plaintiff owes money to Defendant, so Defendant has a lien on the molds

pursuant to Wisconsin law.[1] Wisconsin Statutes section 779.47 establishes a plastic fabricator's lien on all "toolings," including molds, in the fabricator's possession, and provides that the fabricator may retain possession of the molds until the amount owed by the customer is paid. If Plaintiff does owe money to Defendant, under this statute, it appears that Defendant could have a defense to Plaintiff immediately reclaiming possession of the molds, pending resolution of the disputed sums between the parties.

However, in order to retain the property, we must also conclude that Defendant's interests cannot be adequately protected by the filing of a bond by Plaintiff in the amount of one and one-half times the fair market value of the molds. See Minn. Stat. §§565.23 subd. 3(b), 565.25 subd. 1. In this case, we have not been presented with evidence to support such a conclusion.

The purpose of the bonding requirement is to protect parties "against damages caused by unwarranted prejudgment seizures." First Nat'l Bank of Deerwood v. Gregg, 556 N.W.2d 214, 217 n. 4 (Minn. 1996). A claimant need only make a good-faith approximation of the current market value of the property in question. State Bank in Eden Valley v. Euerle Farms, Inc., 441 N.W.2d 121, 126 (Minn. Ct. App. 1989)(citing Minn. Stat. § 565.23 subd. 1(f)). Plaintiff submitted an Affidavit of Diane Schutts, estimating the fair market value of the molds at $97,420. Defendant argues that its interests will not be adequately protected by a bond because Plaintiff's estimate of the value of the molds is

1 The molds are located in Wisconsin, and all molding work by Defendant was performed in Wisconsin. Neither party's submissions raise the issue of whether or not this Court has the authority to order the seizure of property located outside its jurisdiction. Accordingly, we have not addressed that issue.

too low.

While Defendant states that it "disputes" the fair market value of the molds, it has not provided the Court with any evidence to contradict the value offered by Plaintiff. Based on the evidence before the Court, we find that $97,420 is a reasonable estimate of the fair market value of the molds in question. Using the figure supplied by Plaintiff, the bond required pursuant to section 565.25 would be in the amount of $146,130, which is 1.5 times the market value of $97,420.

Defendant also asserts that a bond in the amount of $146,130 will not protect its interests, because if it is forced to return the molds to Plaintiff, it will lose negotiating leverage with respect to the money it seeks to recover from Plaintiff. Essentially, Defendant is arguing that the bond is inadequate to protect its interest because molds are worth more than $97,420 to Plaintiff.

This argument is unavailing, because the plain language of the replevin statute requires that the amount of the bond be calculated using the fair market value of the property, not the subjective value attached to it by an individual party. In addition, the purpose of manufacturers' lien statutes generally is to protect those who furnish services from performing those services without receiving payment. See e.g. London Constr. Co. v. Roseville Townhomes, Inc., 473 N.W.2d 917, 919 (Minn. Ct. App. 1991). This purpose is effectuated by giving the manufacturer a lien on property owned by the debtor, so that if the debtor fails to pay, the manufacturer can recover a portion of the debt by selling the property. Defendant stated as much at the hearing by representing that its ultimate remedy under the Wisconsin lien statute would be to sell the molds. Pursuant to this process the manufacturer's lien is necessarily limited to the market value of the property itself, because

that is the most a manufacturer could expect to recover if it sold the property.

Defendant has not shown that its interest will not be adequately protected by a bond posted by Plaintiff. Just as Plaintiff's possession pursuant to § 565.23 will be conditional, the payment of the bond will be conditioned upon the outcome of this action. If Plaintiff does not prevail on the merits of the claim and delivery action, Defendant will be entitled to collect on the bond.

**RECOMMENDATION**

For the reasons set forth above, it is recommended that Plaintiff's Motion for Replevin [Docket No. 4] be granted, and that the Court issue an Order in the form prescribed by Minn. Stat. § 565.26 ordering the seizure of the property enumerated in Plaintiff's Proposed Order.

Dated: January 31, 2002

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **February 15, 2002** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **February 15, 2002**.