**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Four D., Incorporated,

Plaintiff,

v.

Dutchland Plastics Corporation,

Defendant.

Civil No. 01-2073 (RHK/JMM)
**MEMORANDUM OPINION AND ORDER**

---

Eric J. Nystrom and Christopher H. Yetka, Lindquist & Vennum, P.L.L.P., Minneapolis, Minnesota, for Plaintiff.

David A. Orenstein, Kevin R. Coan, Parsinen, Kaplan, Rosberg & Gotlieb, P.A., Minneapolis, Minnesota, and William P. Te Winkle and David O. Gass, Rohde/Dales L.L.P, Sheboygan, Wisconsin, for Defendant.

---

## Introduction

Four D, Incorporated ("Four D") and Dutchland Plastics Corporation ("Dutchland") are involved in a commercial dispute arising out of their manufacturing relationship. In Count V of the original Complaint, Four D alleged that Dutchland had violated the Minnesota Deceptive Trade Practices Act ("MDTPA") and as a result, had caused Four D actual, incidental, and consequential damages. In response, Dutchland moved to dismiss Count V arguing that because only injunctive relief is available under the MDTPA, a claim for damages under the MDTPA fails to state a claim upon which relief can be granted. Four D now seeks leave to amend its Complaint to remove its



APR 1 5 2002
FILED________
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

request for monetary damages and to add a request for injunctive relief under the MDTPA. Before the Court is Four D's Motion to Amend Count V of its Complaint, pursuant to Federal Rule of Civil Procedure 15(a), and Dutchland's Motion to Dismiss Count V of the Complaint, pursuant to Federal Rule of Civil Procedure 12(c). For the reasons set forth below, the Motion to Amend Count V will be denied, and the Motion to Dismiss Count V will be granted.

## Background

### I. The Parties

Four D is a Minnesota corporation in the business of selling "molded plastic products," including the Shop-Along II Child Carrier (the "SA II"), to retailers for use in their stores. (Compl. ¶ 2.) Dutchland has its principal place of business in Wisconsin. (Id. ¶ 3.) Since the Spring of 2001, Dutchland has manufactured the SA II for Four D, using plastic molds owned by Four D. (Id. ¶¶ 4, 30; Affidavit of Mary Reiland ("Reiland Aff.") ¶¶ 2, 5.)

In July 2001, Four D introduced the SA II into test stores and began observing failures in the carriers. (Reiland Aff. ¶ 3.) Four D alleges that the carrier failures were a result of Dutchland's failure to follow Four D's manufacturing specifications and that Dutchland admitted that it did not follow Four D's manufacturing specifications. (Id.; see generally Compl. ¶¶ 8-19.) As a result of the carrier failures, Four D terminated its relationship with Dutchland in November 2001. (Reiland Aff. ¶ 4.)

After the relationship was terminated, Dutchland refused to return the plastic

molds to Four D. (Compl. ¶ 32.) Four D moved pursuant to Minn. Stat. § 565.23 for claim and delivery, also known as an action for replevin. On February 25, 2002, the Court adopted Magistrate Judge Mason's Report and Recommendation and granted Four D's motion for replevin. The Order, however, was contingent upon Four D filing a bond with the Court in the amount of $146,130. (See Order dated February 25, 2002.) Four D has yet to post the bond, and thus, Dutchland retains possession of the molds. In early January 2002, Four D resumed its relationship with Dutchland "in order to remain in business" because "Dutchland's retention of the molds threatened Four D's financial viability and interfered with its ability to establish a relationship with a new molder." (Reiland Aff. ¶ 5.)

## II. Procedural History

Four D filed suit against Dutchland on November 13, 2001, alleging breach of warranty (Counts I-III), violation of the Minnesota Consumer Fraud Act (Count IV), and violation of the MDTPA (Count V) and a cause of action for claim and delivery (Count VI). (Compl.) In Count V, Four D alleged that Dutchland had violated the MDTPA and that "[a]s a result of Dutchland's violation of Minn. Stat. § 325D.44, Four D has suffered actual, incidental and consequential damages in excess of $75,000, including, but not limited to, lost profits and is entitled to recover its attorneys' fees pursuant to Minn. Stat. § 325D.45, subd. 2." (Id. ¶ 28.)

Dutchland denied the allegations in the Complaint in its Answer and subsequently filed a Motion to Dismiss Counts IV and V, pursuant to Federal Rule of Civil Procedure

12(c). Dutchland voluntarily dismissed Count IV. With respect to Count V, Dutchland argued, in part, that because only injunctive relief is available under the MDTPA, a claim for damages under the MDTPA fails to state a claim upon which relief can be granted. (Dutchland's Reply Mem. in Supp. of Mot. to Dismiss at 4-5.) Four D argued that dismissing Count V would be improper because it could amend the Complaint to state a proper claim. (Four D's Mem. in Opp. of Mot. to Dismiss at 3.) In response, the Court took Dutchland's Motion to Dismiss Count V under advisement and directed the parties to agree on an abbreviated briefing schedule regarding Four D's proposed Motion to Amend Count V. (See Order dated February 20, 2002.)

On March 8, 2002, Four D made a motion under Federal Rule of Civil Procedure 15(a) to amend Count V of its Complaint. Four D requested that the Court give it leave to amend Count V to remove the paragraph regarding damages and add a request for injunctive relief. (Four D's Mot. to Amend Ex. A, ¶ 23.) Thus, Four D proposed the following amended count:

> Count IV[1]–DECEPTIVE TRADE PRACTICES MINN. STAT. § 325D.44
>
> 20. Four D realleges paragraphs 1-19.
>
> 21. In connection with its manufacture and sale of SA II units to Four D, Dutchland engaged in deceptive trade practices by representing that the SA II units were of a particular standard or quality in that, among other things, Dutchland represented that the

[1]The proposed amended complaint does not include the original Count IV, which Four D voluntarily dismissed; therefore, the proposed MDTPA count would be Count IV, not Count V.

> SA II units were manufactured according to Four D's specifications when they were not.
>
> 22. Dutchland's representation relating to the standard of quality of the SA II units it manufactured for Four D violate Minn. Stat. § 325D.44
>
> 23. Pursuant to § 325D.45, Four D is entitled to, among other things, an injunction prohibiting Dutchland from engaging in the deceptive trade practices alleged by Four D.

(Id.) With the exception of changing the relief sought from money damages to injunctive relief in paragraph 23, the proposed amended complaint is identical to the original Complaint.

**Analysis**

**I. Four D's Motion to Amend Count V of its Complaint**

Federal Rule of Civil Procedure 15(a) provides that after a responsive pleading has been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In construing this provision, the United States Supreme Court has stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'

Forman v. Davis, 371 U.S. 178, 182 (1962). The purpose of Rule 15(a) is to facilitate a

proper decision on the merits and to avoid an approach that would relegate the process to "a game of skill in which one misstep by counsel [might] be decisive of the outcome." Id. at 181-82.

Dutchland opposes Four D's Motion to Amend Count V of its Complaint on the grounds that Four D's amendment would be futile. (Dutchland's Mem. in Opp. of Mot. to Amend at 2.) Specifically, Dutchland states that the proposed amendment "fails to state a claim because it does not allege facts to support injunctive relief" because it alleges past (not future or continuing) representations as violations of the MDTPA. (Id. at 3-4.) In addition, Dutchland contends that the amendment is futile because it does not offer any meaningful remedy for the injury allegedly suffered by Four D but rather is solely a means for recovering attorney's fees. (Id. at 5-6.) Dutchland argues that an injunction would be of no benefit to Four D because Four D's "purpose is to obtain a product that meets its specifications–not to enjoin Dutchland from making false representations." (Id. at 5.)

Four D, however, argues that the amendment would not be futile. (Four D's Mem. in Supp. to Amend at 3.) Other than to suggest that it has not established a relationship with a new manufacturer, Four D offers no reason why it has not posted the replevin bond or why it decided to continue its relationship with Dutchland after terminating it in November 2001. (Reiland Aff. ¶¶ 4-5.) Instead, it seeks "[a]n injunction requiring Dutchland to manufacture the SA II according to Four D's specifications." (Four D's Mem. in Opp. of Mot. to Dismiss at 4.) Four D states, "[b]ased on the continuing

relationship between Four D and Dutchland, the injunctive relief that Four D seeks to add to its complaint remains a viable remedy." (Four D's Mem. in Supp. to Amend at 3.) In addition, Four D states that there is no other reason, such as undue delay, bad faith, or other reason, for denying its motion to amend. (Id. at 4.)

"Where a party opposes an amendment on the ground of futility, the standard applied is the same as that invoked in a Motion to Dismiss." White Consol. Indus., Inc. v. Waterhouse, 158 F.R.D. 429, 434 (D. Minn. 1994) (Erickson, J.) For the purposes of a motion to dismiss, a court takes all facts alleged in the complaint as true. See Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). Further, a court must construe the allegations in the complaint and reasonable inferences arising from the complaint in favor of the pleader. See id.

Taking the facts alleged in the proposed amended complaint as true, Four D alleges that "Dutchland **engaged** in deceptive trade practices by representing that the SA II units were of a particular standard or quality in that, among other things, Dutchland **represented** that the SA II units **were manufactured** according to Four D's specifications when they **were** not." (Four D's Mot. to Amend Ex. A, ¶ 21 (emphasis added).) There are no allegations in the proposed amended complaint that Four D and Dutchland are in an on-going relationship or that Dutchland is presently engaging in deceptive trade practices. Thus, there are no allegations of any on-going or future conduct by Dutchland, only allegations of past wrongdoing.

The MDTPA provides, in part, that "[a] person engages in a deceptive trade

practice when, in the course of business, vocation, or occupation, the person: . . . (7) represents that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are another." Minn. Stat. § 325D.44. The MDTPA provides that injunctive relief is available for "a person likely to be damaged" by this or any other of the enumerated deceptive trade practices. Minn. Stat. § 325D.45. Because the MDTPA provides relief for a "person likely to be damaged," it provides relief from future damage, not past damage. See Lofquist v. Whitake Buick-Jeep-Eagle, Inc., 2001 WL 1530907 at *2 (Minn. Ct. App. 2001), reh'g denied Feb. 28, 2002; see also Catrett v. Landmark Dodge, Inc., 560 S.E.2d 101, 105 (Ga. Ct. App. 2002) (stating that its Uniform Deceptive Trade Practices Act provides relief for "future wrongful conduct . . . and does not afford a remedy for what is past"); 13 Moore's Federal Practice § 65.02 (Matthew Bender 3d ed.) (stating "[i]njunctive relief may be granted to afford preventive . . . relief, but not to redress alleged wrongs that have already been committed").

Four D argues that any reliance on Lofquist is misplaced because the parties have a continuing relationship. (Four D's Mot. to Amend at 3.) In Lofquist, the plaintiff brought a MDTPA claim arising out of an installment contract that she had entered into with the defendant car company. Lofquist, 2001 WL 1530907 at *2. The Minnesota Court of Appeals concluded that because the plaintiff had already signed the contract, "she was no longer 'likely' to be damaged by a misrepresentation in her contract." Id. In this case, the parties are in a similar situation. All of the activities that provide the factual basis for the

MDTPA claim occurred in the past. Therefore, Four D is no longer likely to be damaged by any misrepresentation by Dutchland.[2] Although Four D states in its motion papers that the parties have a continuing relationship, Four D did not plead any allegations in the proposed amended complaint to support its contention. Therefore, taking the facts alleged in the proposed complaint as true, it is not possible for Four D to state a claim upon which relief can be granted under the MDTPA. Four D's proposed amendment to Count V is futile, and accordingly, the Court denies Four D's Motion to Amend Count V of its Complaint.

## II. Dutchland's Motion to Dismiss Count V of the Complaint

The Court next considers Dutchland's Motion to Dismiss Count V of the Complaint, made pursuant to Federal Rule of Civil Procedure 12(c). After responsive pleadings have been filed, Rule 12(c) allows a party to move for judgment on the pleadings. Fed. R. Civ. P. 12(c). The Court will consider Count V as originally pled, with its request for money damages. Dutchland argues that Count V should be dismissed because it fails to state a claim upon which relief can be granted. Rule 12(h)(2) provides that the Rule 12(b)(6) defense of failure to state a claim upon which relief may be granted can be raised by motion under Rule 12(c). Fed. R. Civ. P. 12(h)(2); cf. Westcott, 901

---

[2]The Court also notes that Four D seeks injunctive relief "requiring Dutchland to manufacture the SA II according to Four D's specifications." (Four D's Mem. in Opp. of Mot. to Dismiss at 4.) The MDTPA does not afford this type of relief; it affords relief from representations about the quality of goods and services. See Minn. Stat. § 325D.44.

F.2d at 1488 (noting that the standard of review of a Rule 12(c) motion is the same as the standard for Rule 12(b)(6) motions).

Dutchland argues that Count V fails to state a claim upon which relief can be granted because (1) the MDTPA does not provide money damages relief and (2) there is no basis that Four D is likely to be damaged in the future by Dutchland. (Dutchland's Reply Mem. in Supp. of Mot. to Dismiss at 4, 8.) Four D's response to Dutchland's motion to dismiss was to request leave of the Court to amend Count V. As discussed above, Four D's motion to amend is denied.

The "sole statutory remedy for deceptive trade practices is injunctive relief." Simmons v. Modern Aero, Inc., 603 N.W.2d 336, 339 (Minn. Ct. App. 1999) (quoting Alsides v. Brown Inst., Ltd., 592 N.W.2d 468, 476 (Minn. Ct. App. 1999). A complaint that alleges a violation of the MDTPA and seeks only monetary damages fails to state a claim upon which relief can be granted because it is not a remedy available under the MDTPA. See Simmons, 603 N.W.2d at 340. Moreover, as discussed above, Count V as pled fails to state a claim upon which relief can be granted because it addresses past, not future, harm. Accordingly, the Court grants Dutchland's Motion to Dismiss Count V of the Complaint.

## Conclusion

Upon all the files, records, and proceedings herein, and for the reasons stated above, **IT IS ORDERED** that Plaintiff's Motion to Amend Count V of its Complaint

(Doc. No. 31) is **DENIED** and that Defendant's Motion to Dismiss Count V of the Complaint (Doc. No. 17) is **GRANTED**.

Dated: April 15, 2002

Richard H. Kyle
United States District Judge