UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Four D, Incorporated,

Plaintiff,

v.

Dutchland Plastics Corporation,

Defendant.

Case No. 01-CV-2073 RHK/AJB

STIPULATED
PROTECTIVE ORDER

WHEREAS, the parties have requested confidential documents and information in discovery; and

WHEREAS, the parties wish to expedite discovery and avoid objection to the production of confidential information by the establishment of a protective order; and

WHEREAS, the parties agree that the Court may enter this Stipulated Protective Order as its order in this matter;

NOW, THEREFORE, the parties agree as follows:

1. "Confidential information" means all documents and all other information which has been designated "confidential" by any party; in the case of documents, including discovery responses, by stamping "CONFIDENTIAL" on the document; in the case of deposition transcripts, by indicating on the record or by subsequent writing that the testimony is confidential; and in the case of any other information, by indicating on the record or otherwise in writing that the party considers the information confidential.

2. All confidential information produced shall be used solely for the purpose of conducting this litigation and not for any other purpose whatsoever. For the purpose of

JAN 02 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

conducting this litigation, confidential information may be used by, copied by, exhibited to, or disclosed to only the following persons or entities:

(a) The parties and their employees;

(b) Attorneys for the parties, and those partners, associates or employees who are directly and necessarily involved in the preparation for the trial of this case;

(c) Court reporters used in connection with this action at deposition or trial;

(d) The court and its staff; and

(e) Testifying or consulting experts and their employees.

3. No person, other than those listed in paragraph 2.b. - d., may be shown or given access to confidential information unless the person indicates in writing by signing a copy of the attached Exhibit A that the person has read, understood, and will abide by the terms of this Protective Order.

4. Any pleadings, motion papers, memoranda, affidavits, declarations, exhibits, transcripts, or other papers filed with the clerk of court that contain any confidential material shall be marked: "CONTAINS CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER." Such papers shall be filed with the clerk of court in a sealed envelope, endorsed with the caption of this action, the purpose to which they relate and a statement in the following form:

> This envelope contains documents filed in this action by [name of party] generally described as [title or description of document] and is not to be opened, except for review by court personnel, nor are the contents thereof to be disclosed except by order of the court.

5. This Protective Order shall apply with equal force to all copies, notes, summaries, or other compilations and oral recitation of confidential material.

6. Documents and other information designated as confidential by the parties shall remain confidential under the terms of this Protective Order unless the parties agree to the deletion of the designation or upon order of the court.

7. Within a reasonable time after the final disposition of this action, all information designated confidential by the parties (including deposition transcripts and videotaped depositions) shall be destroyed in a manner which preserves its confidential nature or shall, at the request of the parties, be returned to the parties. If information designated confidential is destroyed, the party destroying the information shall certify to all parties, including any third parties that produced the confidential information, that the confidential information in its possession, care, custody, or control has been destroyed.

8. The parties recognize that for purposes of expediency, the parties may produce confidential documents or information without the appropriate designation. In those circumstances, the parties may thereafter designate the documents or other information as "confidential" by providing all other parties with a written description of such documents or information within 20 days of production or filing (the "designation period") which indicates they are to be considered confidential. No disclosure of documents or information shall be made during the designation period, and all such documents or information shall be governed by the terms of this Protective Order and thereafter if designated as confidential.

9. Nothing in this Protective Order shall be construed to prevent a party to this action from opposing the designation of documents, testimony, or other materials or information as "confidential" or from seeking a ruling from the court at any time that any such documents, testimony, or other materials or information need not be treated as confidential.

10. This Protective Order shall apply retroactively and include any pleadings, motion papers, memoranda, affidavits, declarations, exhibits, transcripts, or other papers previously filed with the clerk of court that contain any confidential material.

Dated: December 23, 2002

LINDQUIST & VENNUM P.L.L.P.

By: ______________________
Eric J. Nystrom, #19489X

4200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
(612) 371-3211

Attorneys for Plaintiff
Four D, Incorporated

Dated: December _____, 2002

PARSINEN KAPLAN ROSBERG
& GOTLIEB P.A.

By: ______________________
David A. Orenstein, #121447

100 South Fifth Street, Suite 1100
Minneapolis, MN 55402
(612) 333-2111

CO-COUNSEL:

Dated: December 27, 2002

ROHDE DALES LLP

By: ______________________
William P. Te Winkle, *Pro Hac Vice*

Firstar Plaza
607 N. 8th Street, 7th Floor
Sheboygan, WI 53081-4556
(920) 458 5501

Attorneys for Defendant
Dutchland Plastics Corporation

SO ORDERED.

Dated: 1/2, 2003

BY THE COURT:

______________________
Arthur J. Boylan
United States Magistrate Judge

EXHIBIT A

I acknowledge that I have read the above Stipulated Protective Order governing the protection of confidential information, and I agree to abide by its terms and conditions.

Dated: ______________________ ____________________________________

1712223v2

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

FORMS\PROTECOR.NOT
Rev. 8/10/01

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

## NOTICE

The latest amendments to the federal rules of procedure, (Civil, Criminal, Appellate and Bankruptcy), went into effect on December 1, 2002. The new amendments and related committee notes can be found at www.uscourts.gov/rules/amendments0202.htm.

One change is particularly noteworthy. That is Rule 7.1 of the Federal Rules of Civil Procedure. This rule requires that corporations file a "disclosure statement" whenever they initially appear as a party in a federal court action. The Rule 7.1 Disclosure Statement must identify "any parent corporation and any publicly held corporation that owns 10% or more" of the stock of the corporate party filing the statement. The purpose of the disclosure statement is to help judges and magistrate judges identify potential conflicts of interest. (Similar disclosure statement requirements are prescribed by Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 12.4 of the Federal Rules of Criminal Procedure.)

Beginning December 1, 2002, a Rule 7.1 Disclosure Statement must be filed by every corporation when it first appears in a federal action, even if the corporation merely reports that there is no parent corporation or publicly held corporation that owns 10% or more of its stock. These Disclosure Statements must also be filed retroactively, for every corporation which is a party to an action pending in this District as of December 1, 2002. The retroactive Rule 7.1 statements must be filed immediately.

It also should be noted that there have been extensive stylistic changes, (as well as a few substantive changes), to the Federal Rules of Criminal Procedure. Attorneys who appear in federal criminal cases should review the amended version of the Rules.